AO 91 (Rev. 11/11)  Criminal Complaint

| | | |
|---|---|---|
| AUSA: | Sean L. King | Telephone: (313) 226-9727 |
| Officer: | Michael D. Ball | Telephone: (810) 989-5049 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Oscar Ivan ROMERO-AREVALO

Case: 2:25−mj−30614
Assigned To : Unassigned
Assign. Date : 9/25/2025
Description: CMP USA v Romero−Arevalo (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 22, 2025__ in the county of __St. Clair__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Michael D. Ball, U.S. Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __September 25, 2025__

*Judge's signature*

City and state: __Detroit, MI__     Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## A CRIMINAL COMPLANT AND ARREST WARRANT

  I, Michael D. Ball, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Border Patrol, and I have been employed in this capacity since November 2009. Currently, I am assigned to the Marysville Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official immigration file and system automated data relating to Oscar ROMERO-AREVALO, which reveals the following set forth below.

2. Because this affidavit is submitted for the limited purpose of demonstrating probable cause for the requested complaint and arrest warrant, it does not contain every fact known to law enforcement about this investigation.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that ROMERO-AREVALO violated 8 U.S.C. § 1326(a), Unlawful Re-Entry Following Removal.

4. Oscar ROMERO-AREVALO is a 34-year-old male, native and citizen of El Salvador, who last entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected or paroled by an Immigration Officer.

5. On or about July 15, 2014, ROMERO-AREVALO was arrested by U.S. Border Patrol Agents near Hidalgo, Texas and was processed as an Expedited Removal.

6. On September 11, 2014, ROMERO-AREVALO was removed from the United States to El Salvador via Atlanta International Airport.

7. On September 22, 2025, ROMERO-AREVALO was encountered by a Marine City police officer in the Eastern District of Michigan who responded to a call concerning an illegally parked vehicle. The officer on scene requested Border Patrol Agents for assistance in properly identifying the subjects in the vehicle. In response to questioning from a Border Patrol Agent, ROMERO-AREVALO stated that he was a citizen of El Salvador and was unable to provide any

1

immigration documents to be in the United States legally. After assisting in identifying ROMERO-AREVALO, and determining his immigration status, Border Patrol Agents placed him under arrest and transported him to the Marysville Border Patrol Station for further investigation and processing.

8. ROMERO-AREVALO's fingerprints and additional checks were ran in law enforcement databases. The results revealed that ROMERO-AREVALO is a citizen of El Salvador with the foregoing immigration history who has been previously removed from the United States. The record checks did not provide any evidence that ROMERO-AREVALO legally entered the United States or had been issued any document or status that would allow him to enter or remain the United States. After his lack of status in the United States was confirmed, ROMERO-AREVALO's prior order of removal was reinstated.

9. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357,1225,1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

10. Review of records from the alien file (A# xxx xxx 613) for ROMERO-AREVALO and queries in U.S. Department of Homeland Security databases confirm that no record exists of ROMERO-AREVALO obtaining permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his last removal on or about September 11, 2014.

11. Based on the above information, there is probable cause to believe that, on or about September 22, 2025, at or near Marine City, MI, in the Eastern District of Michigan, Southern Division, Oscar ROMERO-AREVALO, an alien from El Salvador was found in the United States after having been denied admission, excluded, deported, and removed therfrom on or about September 11, 2014, not having obtained the express consent from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

Michael D. Ball, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Honorable Anthony P. Patti
United States Magistrate Judge
September 25, 2025

3